UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

LESLIE E. PACKER, PH.D.
940 Lincoln Place,
North Bellmore, New York 11710-1016

Plaintiff,

v.

U.S. DEPARTMENT OF
HEALTH AND HUMAN SERVICES,
200 Independence Avenue SW
Washington, DC 20201

Defendant.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 18 2017 ★

LONG ISLAND OFFICE

CV-17 3002

AZRACK, J.

LINDSAY, M.J.

**COMPLAINT FOR INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, to order the production of agency records pertaining to whether two entities ever filed reports with the U.S. Department of Health & Human Services ("HHS") indicating that they had been hacked. Defendant has failed to respond substantively to FOI requests filed more than three months ago.

2. This court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

3. Plaintiff, Leslie E. Packer, PhD is an independent investigative journalist and free-lance reporter whose articles appear on DataBreaches.net under the pseudonym "Dissent" and on The Daily Dot and Vocativ as "Dissent Doe." Since June 2016, Plaintiff has investigated and reported on a criminal hacker known as TheDarkOverlord (TDO) who has attacked and attempted to extort medical clinics and other entities across the country.

4. In public and non-public statements, TDO claimed to have hacked and acquired patient records from Aesthetic Dentistry in NYC and "SSM Healthcare." Neither entity responded to Plaintiff's efforts to get them to confirm or deny TDO's claimed hacks. As a result, Plaintiff filed under FOIA with HHS, seeking records that would reveal whether either or both entities had notified HHS of any breaches, as they would be required to do if they were HIPAA-covered entities. The requests were made on February 3, 2017, and repeated thereafter. The records remain important because the public does not know if TDO did hack these entities and acquire thousands of patients' records and because we do not know if patients were ever notified by the entities that their data was involved in an extortion demand. Nor does the public know whether federal regulators were ever notified of these alleged incidents.

5. Defendant (the U.S. Department of Health and Human Services) is an agency of the United States and has possession of the documents that plaintiff seeks if such documents exist.

6. By emails dated February 3, 3017 plaintiff requested access to records concerning data breaches reported by Aesthetic Dentistry and SSM Healthcare to HHS. Text copies of these emails are attached as Exhibits 1 and 2. No acknowledgement was provided by HHS. Nor was there any request to

narrow the scope of the requests, nor was there any denial of the requests for fee waivers. There was simply no response.

7. By email dated April 12, plaintiff reminded HHS of the two requests and the lack of response, asking if plaintiff needed to file an appeal (Exhibit 3). By return email that day, defendant acknowledged receipt of the requests on February 3, 2017, and indicated that plaintiff should have responses "soon."

8. By May 4, there was still no response, no denial, no request for narrowing, no.... anything. Plaintiff emailed defendant in frustration:

> Ms Folsom -   This breach just massively hit the news today and I STILL never received an answer from HHS, MONTHS after I made my request for what is a simple matter.
>
> Did Aesthetic Dentistry in NYC ever report their hack to HHS or not? If they did, WHEN did they report it, and why wasn't it posted on the breach tool?
>
> Please respond today.

By return email on May 4, defendant responded:

> Good afternoon,   Your request has been sent to management for review.   You should be receiving a response within the next week.

9. There has still been no response received – not for the Aesthetic Dentistry request, and not for the SSM Health request.

10. Plaintiff has a right of access to the requested information under 5 U.S.C. § 552(a)(3), and there is no legal basis for defendant's failure to comply within the 20 day period allowed by statute.

WHEREFORE, plaintiff requests this Court:

(1) Order defendant to provide expedited access to the requested documents. There may be many patients whose personal and protected health information has been acquired by the criminal hackerbut the patients have not been informed of that or the risks they now face.

(2) Expedite this proceeding as provided for in 28 U.S.C. § 1657;

(3) Award plaintiff costs and reasonable attorneys fees in this action, as provided in 5 U.S.C. § 552(a)(4)(E); and

(4) Grant such other and further relief as may deem just and proper.

Respectfully submitted,

_____

Leslie E. Packer, PhD
940 Lincoln Place
North Bellmore, New York 11710
Tel: 516-785-2653

Dated: May 17, 2017